**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELDRED B. MEADOWS,

          Plaintiffs,

v.                                         Case No. 15-10901

MICHIGAN, et al.,

          Defendants.

_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA
PAUPERIS* AND DISMISSING ACTION**

Plaintiff Eldred B. Meadows initiated this action on March 9, 2015 against various

Defendants related to his state court conviction for criminal sexual conduct.[1]  Plaintiff

has also filed an application to proceed *in forma pauperis,* which the court will grant.

*See* 28 U.S.C. § 1915(a)(1).  However, after careful consideration, the court must

dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a

claim upon which relief may be granted.

**I.  STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of

28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section

1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous,

fail to state a claim upon which relief can be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v.*

---

[1]The case was originally assigned to the Honorable Laurie J. Michelson, but was
reassigned to this court on April 13, 2015 through operation of Eastern District of
Michigan Local Rule 83.11.  (Dkt. # 3.)

*Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A complaint is frivolous and subject to

*sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon

which relief may be granted, when, construing the complaint in a light most favorable to

the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can

prove no set of facts in support of his claims that would entitle him to relief.  *Wershe v.*

*Combs,* 763 F.3d 500, 505 (6th Cir. 2014); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th

Cir. 2005).

## II.  DISCUSSION

Plaintiff's *pro se* complaint is nearly incomprehensible, but even construed

liberally, does not state a claim.  It appears that Plaintiff seeks money damages,[2]

presumably under 42 U.S.C. §§ 1983 and 1985, for various constitutional violations and

conspiracies to commit constitutional violations which purportedly occurred during and

after his conviction for criminal sexual conduct.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court

held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[2] Plaintiff's seeks $255,500,000.00 and asserts in his prayer for relief that "Based
upon educational goals at completion of associate [sic] degree and entertainment
potential as a film director Music, Art's performance it is not ill Logical [sic] the sum
requested here in [sic] could have been achived [sic] . . . ."  (*Id.*)

2

*Id.* at 486-87.  The Sixth Circuit has subsequently applied this standard to conspiracy claims brought under 42 U.S.C. § 1985.  *Lanier v. Bryant,* 332 F.3d 999, 1005-06.  In this case, a finding in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's conviction.  The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas review under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.").  The essence of *Heck* and its progeny is that one cannot collaterally attack a criminal conviction through a § 1983 or § 1985 action.  Thus, prior criminal proceedings must be terminated in favor of Plaintiff before such claims are actionable.  *Id.* at 484.  "This requirement avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the . . . creation of two conflicting resolutions arising out of the same or identical transaction."  *Id.* (internal quotation omitted).  Plaintiff has not shown a *favorable* termination of the criminal proceedings against him.  Instead, the gravamen of Plaintiff's complaint is that the proceedings against him ended *unfavorably*.[3]  Under these circumstances, Plaintiff may not maintain a § 1983 or § 1985 action.

---

[3]Indeed, Plaintiff made similar, if not identical, allegations regarding the unconstitutionality of his sentence in his motion under 28 U.S.C. § 2254 and in previous lawsuits filed in this court.  *See Meadows v. Caruso*, No. 99-72557 (E.D. Mich. 1999) (Cleland, J.); *see also Meadows v. Michigan*, No. 07-14793 (E.D. Mich. 2007) (Cleland, J.) (dismissed for failure to state a claim); *Meadows v. Univ. of Mich. Sch. of Music,* No. 10-11574 (E.D. Mich. 2010) (dismissed for failure to state a claim).

2:15-cv-10901-RHC-DRG   Doc # 4   Filed 01/12/16   Pg 4 of 4   Pg ID 27

It should also be noted that even if Plaintiff *could* maintain his action, the Eleventh Amendment affords Michigan immunity from federal lawsuits. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). "Eleventh Amendment immunity constitutes a jurisdictional bar, and unless Eleventh Amendment immunity is expressly waived, a state and its agencies may not be sued for damages and injunctive relief in Federal court." *Jenkins v. State of Tennessee,* 22 F. App'x 381, 382 (6th Cir. 2001). Michigan has not waived its Eleventh Amendment immunity.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

1/12/16:S:\Cleland\JAH\Civil\15-10901.MEADOWS.SummaryDismissal.Heck.jah.2.wpd

4